IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | No. **CR-24-308-D** |
| ) | |
| KEITH TERRELL THOMPSON, ) | |
| a/k/a Geno, ) | |
| a/k/a Ziggy, ) | |
| ) | |
| Defendant. ) | |

## PLEA AGREEMENT

### Introduction

1. This Plea Agreement, in conjunction with a Plea Supplement filed contemporaneously under seal, contains the entire agreement between Defendant Keith Terrell Thompson and the United States concerning Defendant's plea of guilty in this case. No other agreement or promise exists, nor may any additional agreement be entered into unless in writing and signed by all parties. Any unilateral modification of this Plea Agreement is hereby rejected by the United States. This Plea Agreement applies only to the criminal violations described and does not apply to any civil matter or any civil forfeiture proceeding except as specifically set forth. This Plea Agreement binds only the United States Attorney's Office for the Western District of Oklahoma and does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.

If Defendant does not accept the terms of this Plea Agreement by **February 28, 2025**, the offer is withdrawn.

## Guilty Plea

2.  Defendant agrees to enter a plea of guilty to Counts 1, 2, 3, 4, and 5 of the Superseding Information in Case Number CR-24-308-D, charging Defendant with: (1) firearms trafficking conspiracy, in violation of 18 U.S.C. §§ 933(a)(1) and 933(a)(3); (2) possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); (3) unlawful possession of a machinegun, in violation of 18 U.S.C. § 922(o); (4) possession of firearms in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and (5) possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).

3.  Count 1 of the Superseding Information charges Defendant with a firearms trafficking conspiracy, in violation of 18 U.S.C. §§ 933(a)(1) and 933(a)(3). To be found guilty of violating 18 U.S.C. §§ 933(a)(1) and 933(a)(3), as charged in the Superseding Information, Defendant must admit, and does admit, that between in or about March 2023 and on or about January 29, 2024, in the Western District of Oklahoma: (1) Defendant knowingly conspired with others to ship, transport, transfer, cause to be transported, or otherwise dispose of firearms to another person; (2) Defendant knew or had reasonable cause to believe that the use, carrying, or possession of a firearm by the recipient would constitute a felony as defined in 18 U.S.C. § 932(a); and (3) the shipping, transporting,

transferring, causing to be transported, or otherwise disposal of any firearm affected interstate or foreign commerce.

Count 2 of the Superseding Information charges Defendant with possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). To be found guilty of violating 21 U.S.C. § 841(a)(1), as charged in the Superseding Information, Defendant must admit, and does admit, that on or about January 17, 2024, in the Western District of Oklahoma: (1) Defendant knowingly and intentionally possessed a quantity of a mixture or substance containing a detectable amount of methamphetamine; (2) the substance was in fact methamphetamine; (3) methamphetamine is a controlled substance within the meaning of the law; and (4) Defendant possessed the methamphetamine with intent to distribute it.

Count 3 of the Superseding Information charges Defendant with unlawful possession of a machinegun, in violation of 18 U.S.C. § 922(o). To be found guilty of violating 18 U.S.C. § 922(o), as charged in the Superseding Information, Defendant must admit, and does admit, that on or about January 17, 2024, in the Western District of Oklahoma: (1) Defendant knowingly possessed a machinegun; and (2) Defendant knew, or was aware of, the essential characteristics of the device which made it a machinegun as defined in 18 U.S.C. § 921(a)(24).

Count 4 of the Superseding Information charges Defendant with possession of firearms in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). To be found guilty of violating 18 U.S.C. § 924(c)(1)(A)(i), as charged

in the Superseding Information, Defendant must admit, and does admit, that on or about January 17, 2024, in the Western District of Oklahoma: (1) Defendant committed the crime of Possession with Intent to Distribute Methamphetamine, as charged in Count 2 of the Indictment, which is a drug trafficking crime; and (2) Defendant possessed a firearm in furtherance of this crime.

Count 5 of the Superseding Information charges Defendant with possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). To be found guilty of violating 21 U.S.C. § 841(a)(1), as charged in the Superseding Information, Defendant must admit, and does admit, that on or about January 29, 2024, in the Western District of Oklahoma: (1) Defendant knowingly and intentionally possessed a quantity of a mixture or substance containing a detectable amount of cocaine; (2) the substance was in fact cocaine; (3) cocaine is a controlled substance within the meaning of the law; and (4) Defendant possessed the cocaine with intent to distribute it.

## Maximum Penalty, Restitution, and Special Assessment

4.  The maximum penalty that could be imposed as a result of this plea to Count 1 of the Superseding Information is fifteen (15) years of imprisonment, a fine of $250,000.00, or both such fine and imprisonment, as well as a term of supervised release of three (3) years, and a mandatory special assessment of $100.00.

The maximum penalty that could be imposed as a result of this plea to Count 2 of the Superseding Information is twenty (20) years of imprisonment, a fine of $1,000,000.00,

or both such fine and imprisonment, as well as a term of supervised release of up to life, and a mandatory special assessment of $100.00.

The maximum penalty that could be imposed as a result of this plea to Count 3 of the Superseding Information is ten (10) years of imprisonment, a fine of $250,000.00, or both such fine and imprisonment, as well as a term of supervised release of three (3) years, and a mandatory special assessment of $100.00.

The maximum penalty that could be imposed as a result of this plea to Count 4 of the Superseding Information is not less than five (5) years of imprisonment and up to life to be imposed consecutive to any other term of imprisonment imposed, a fine of $250,000.00, or both such fine and imprisonment, as well as a term of supervised release of five (5) years, and a mandatory special assessment of $100.00.

The maximum penalty that could be imposed as a result of this plea to Count 5 of the Superseding Information is twenty (20) years of imprisonment, a fine of $1,000,000.00, or both such fine and imprisonment, as well as a term of supervised release of up to life, and a mandatory special assessment of $100.00.

Defendant is pleading guilty to multiple counts of conviction, and Defendant understands that the Court may impose the sentence as to each count to run consecutively to one another, so that the total imprisonment that Defendant may face is greater than the maximum punishment for any one offense.

5.   In addition to the punishment described above, a plea of guilty can affect immigration status. If Defendant is not a citizen of the United States, a guilty plea may

result in deportation and removal from the United States, may prevent Defendant from ever lawfully reentering or remaining in the United States, and may result in the denial of naturalization. Further, if Defendant is not a citizen of the United States, Defendant knowingly and voluntarily waives any right, pursuant to 18 U.S.C. § 4100, *et seq.*, to request to transfer service of any sentence of imprisonment or part thereof to Defendant's home country. If Defendant is a naturalized citizen of the United States, a guilty plea may result in denaturalization.

6. In addition, the Court must order the payment of restitution to any victim(s) of the offense. Pursuant to 18 U.S.C. §§ 3663(a)(3) and 3663A, the parties agree that, as part of the sentence resulting from Defendant's plea, the Court will enter an order of restitution to all victims of Defendant's relevant conduct as determined by reference to the United States Sentencing Guidelines (the "Guidelines").

7. Defendant agrees to pay any special assessment(s) to the Office of the Court Clerk immediately following sentencing. Defendant understands that any fine or restitution ordered by the Court is immediately due unless the Court provides for payment on a date certain or in installments. If the Court imposes a schedule for payment of restitution, Defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the United States Attorney's Office from pursuing other means by which to satisfy Defendant's full and immediately enforceable financial obligations. Defendant accepts a continuing obligation to pay in full, as soon as possible, any financial obligation imposed by the Court. Defendant further understands that a failure

to abide by the terms of any restitution schedule imposed by the Court may result in further action by the Court.

8. For certain statutory offenses, the Court must also impose a term of supervised release, which Defendant will begin to serve after being released from custody. For all other offenses, the Court may impose a term of supervised release to be served following release from custody. During the term of supervised release, Defendant will be subject to conditions that will include prohibitions against violating local, state, or federal law, reporting requirements, restrictions on travel and residence, and possible testing for controlled substance use. If Defendant violates the conditions of supervised release, the Court may revoke Defendant's supervised release and sentence Defendant to an additional term of imprisonment. This additional term of imprisonment would be served without credit for the time Defendant successfully spent on supervised release. When combined, the original term of imprisonment and any subsequent term of imprisonment the Court imposes may exceed the statutory maximum prison term allowable for the offense.

## Financial Disclosures

9. Defendant agrees to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or any other third party. Upon request by the United States, Defendant agrees (1) to complete truthfully and sign under penalty of perjury a Financial Statement of Debtor by the change-of-plea hearing, or a date otherwise agreed to by the United States, and (2) to provide updates with any material changes in circumstances, as described in

18 U.S.C. § 3664(k), within seven days of the event giving rise to such changes. Defendant understands that the United States will take Defendant's compliance with these requests into account when it makes a recommendation to the Court regarding Defendant's acceptance of responsibility.

10. Defendant also expressly authorizes the United States Attorney's Office to obtain a credit report on Defendant, in order to evaluate Defendant's ability to satisfy any financial obligations imposed by the Court. Finally, Defendant agrees to notify the Financial Litigation Program ("FLP") of the United States Attorney's Office and to obtain permission from FLP before Defendant transfers any interest in property with a value exceeding $1,000.00, owned directly, indirectly, individually, or jointly by Defendant, including any interest held or owned under any name, including trusts, partnerships, or corporations. Defendant acknowledges a continuing obligation to notify and obtain permission from FLP for any transfers of the above-described property until full satisfaction of any restitution, fine, special assessment, or other financial obligations imposed by the Court.

### Forfeiture

11. Defendant agrees to forfeit to the United States voluntarily and immediately all of Defendant's right, title, and interest in and to all assets which are subject to forfeiture pursuant to 18 U.S.C. §§ 924(d) and 934(a)(1), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), including but not limited to:

    a.    approximately $9,965.00 in United States currency;

b. approximately $9,840.00 in United States currency;

c. approximately $450.00 in United States currency;

d. four gold necklaces;

e. eight gold rings with diamonds;

f. one gold watch;

g. one Glock-type machinegun conversion device;

h. a Radical Firearms, LLC, model RF-15, .556 caliber rifle, bearing serial number 2-008487;

i. a Glock, model 23, .40 caliber pistol, bearing serial number XUM916;

j. a Smith & Wesson, model M&P Bodyguard 380, .380 caliber pistol, bearing serial number KEP4517;

k. a North American Arms Corp., model NAA-22M, .22 Magnum caliber revolver, bearing serial number D53198;

l. a Taurus, model PT111 Millennium G2, 9mm caliber pistol, bearing serial number TIR35611;

m. a JA Industries, model J.A. 380, .380 Auto caliber pistol, bearing serial number 459645; and

n. any and all ammunition and magazines not otherwise specified.

Defendant agrees that the listed assets were involved in the violations to which Defendant is pleading guilty.

12. Defendant knowingly and voluntarily waives Defendant's right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of these assets in any proceeding, and further waives any claim or defense under the Eighth Amendment to the United States

Constitution, including any claim of excessive fine, to the forfeiture or disposition of assets by the United States, the State of Oklahoma, or its subdivisions. Defendant knowingly and voluntarily consents to the entry of a final order of forfeiture before sentencing as to Defendant's interest in the assets. Forfeiture of Defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon Defendant in addition to forfeiture.

13. Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with the forfeiture provided for herein. Defendant waives Defendant's right to notice of any forfeiture proceeding and agrees not to file a claim to the above-listed property or property involved in the underlying criminal conduct, or otherwise contest forfeiture in any civil, administrative, or judicial proceeding that may be initiated. Defendant further agrees not to assist others in filing a claim in a forfeiture proceeding or otherwise assist others who challenge a forfeiture action involving the above-listed property or property involved in the underlying criminal conduct. Defendant also voluntarily and immediately waives all right, title, and interest in and to the above-listed property in order that appropriate disposition may be made by the appropriate federal or state law enforcement agency.

## Sentencing Guidelines

14. The parties acknowledge that 18 U.S.C. § 3553(a) directs the Court to consider certain factors in imposing sentence, including the Guidelines promulgated by the United States Sentencing Commission. Consequently, although the parties recognize that

the Guidelines are only advisory, they have entered into certain stipulations and agreements with respect to the Guidelines. Based upon the information known to the parties on the date that this Plea Agreement is executed, they expect to take, but are not limited to, the following positions at sentencing:

    a.    The parties agree Defendant should receive a two-level downward adjustment for Defendant's acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a), if Defendant commits no further crimes, does not falsely deny or frivolously contest relevant conduct, and fully complies with all other terms of this Plea Agreement. Further, if the Court applies that two-level downward adjustment, the United States will move for an additional one-level downward adjustment under U.S.S.G. § 3E1.1(b) if it determines that Defendant qualifies for the additional adjustment based on the timeliness of Defendant's acceptance of this Plea Agreement and other appropriate considerations in U.S.S.G. § 3E1.1 and its application notes.

Apart from any expressed agreements and stipulations, the parties reserve the right to advocate for, and present evidence relevant to, other Guidelines adjustments and sentencing factors for consideration by the United States Probation Office and the Court.

15.    The parties have entered into this Plea Agreement under the provisions of Federal Rules of Criminal Procedure 11(c)(1)(A) and 11(c)(1)(B). Defendant acknowledges and understands that the Court is not bound by, nor obligated to accept, these stipulations, agreements, or recommendations of the United States or Defendant. And, even if the Court rejects one or more of these stipulations, agreements, or

recommendations, that fact alone would not allow Defendant to withdraw Defendant's plea of guilty. Upon Defendant's signing of this Plea Agreement, the United States intends to end its investigation of the allegations in the Superseding Information, as to Defendant, except insofar as required to prepare for further hearings in this case, including but not limited to sentencing, and to prosecute others, if any, involved in Defendant's conduct. The United States agrees to end any investigation directed specifically at the foregoing stipulations, agreements, or recommendations as to Defendant. However, subject to the terms and conditions of this Plea Agreement and Plea Supplement, the United States expressly reserves the right to take positions that deviate from the foregoing stipulations, agreements, or recommendations in the event that material credible evidence requiring such a deviation is discovered during the course of its investigation after the signing of this Plea Agreement or arises from sources independent of the United States, including the United States Probation Office.

### Waiver of Right to Appeal and Bring Collateral Challenge

16. Defendant understands that the Court will consider the factors set forth in 18 U.S.C. § 3553(a) in determining Defendant's sentence. Defendant also understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum for the offense(s) to which Defendant is pleading guilty. Defendant further understands that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 give Defendant the right to appeal the judgment and sentence imposed by the Court. Acknowledging all of this, and in

exchange for the promises and concessions made by the United States in this Plea Agreement, Defendant knowingly and voluntarily waives the following rights:

    a.    Defendant waives the right to appeal Defendant's guilty plea, and any other aspect of Defendant's conviction, including but not limited to any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues;

    b.    Except as stated immediately below, Defendant waives the right to appeal Defendant's sentence, including any restitution, and the manner in which the sentence is determined, including its procedural reasonableness. If the sentence is above the advisory Guidelines range determined by the Court to apply to Defendant's case, this waiver does not include Defendant's right to appeal the substantive reasonableness of Defendant's sentence;

    c.    Defendant waives the right to appeal or collaterally challenge the length and conditions of supervised release, as well as any sentence imposed upon a revocation of Defendant's supervised release;

    d.    Defendant waives the right to collaterally challenge or move to modify (under 28 U.S.C. § 2255, 18 U.S.C. § 3582(c)(2), or any other ground) Defendant's conviction or sentence, including any restitution, except with respect to claims of ineffective assistance of counsel. This waiver does not include Defendant's ability to file a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Defendant, however, waives the right to appeal the denial of any motion filed under 18 U.S.C.

§ 3582(c)(1)(A)(i) where such denial rests in any part upon the Court's determination that a sentence reduction is not warranted under factors set forth in 18 U.S.C. § 3553(a).

Defendant acknowledges that these waivers remain in full effect and are enforceable, even if the Court rejects one or more of the positions of the United States or Defendant set forth in paragraph 14.

17. Except as stated immediately below, the United States agrees to waive its right under 18 U.S.C. § 3742 to appeal the sentence imposed by the Court and the manner in which the sentence was determined. If the sentence is below the advisory Guidelines range determined by the Court to apply in this case, this waiver does not include the right of the United States to appeal the substantive reasonableness of Defendant's sentence.

## Waiver of FOIA and Privacy Act Rights

18. Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including but not limited to records that Defendant may seek under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 522a.

## Obligations of Defendant

19. Defendant shall commit no further crimes. Should Defendant commit any further crimes, knowingly give false, incomplete, or misleading testimony or information, or otherwise violate any provision of this Plea Agreement, the United States will be released from any obligations, agreements, or restrictions imposed on it under this Plea

Agreement, and the United States may prosecute Defendant for any and all of Defendant's federal criminal violations, including perjury and obstruction of justice. Any prosecution within the scope of this investigation that is not time-barred by the applicable statute of limitations on the date of the signing of this Plea Agreement may be brought against Defendant, notwithstanding the expiration of the statute of limitations between the signing of this Plea Agreement and the commencement of that prosecution. Defendant hereby waives all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Plea Agreement is signed.

20. The parties also recognize that if the Court determines that Defendant has violated any provision of this Plea Agreement or authorizes Defendant to withdraw from Defendant's knowing and voluntary guilty plea entered pursuant to this Plea Agreement: (a) all written or oral statements made by Defendant to the Court or to federal or other designated law enforcement agents, any testimony given by Defendant before a grand jury or other tribunal, whether before or after the signing of this Plea Agreement, and any leads from those statements or testimony, shall be admissible evidence in any criminal proceeding brought against Defendant; and (b) Defendant shall assert no claim under the United States Constitution, any statute, Federal Rules of Criminal Procedure 11(d)(1) and 11(f), Federal Rule of Evidence 410, or any other federal rule or law that those statements or any leads from those statements should be suppressed. Defendant knowingly and voluntarily waives Defendant's rights described in this paragraph as of the time Defendant signs this Plea Agreement.

## Obligations of the United States

21.     If Defendant enters a plea of guilty as described above and fully meets all obligations under this Plea Agreement, the United States will move to dismiss at sentencing the Indictment filed August 7, 2024, and the United States Attorney's Office for the Western District of Oklahoma will not further prosecute Defendant for any crimes related to Defendant's participation in trafficking firearms from March 1, 2023, through January 29, 2024, nor will the Office prosecute Defendant for any crimes related to Defendant's possessing controlled substances with intent to distribute and possessing machineguns on January 17, 2024, or January 29, 2024. This Plea Agreement does not provide any protection against prosecution for any crime not specifically described above.

22.     Defendant understands that the sentence to be imposed upon Defendant is within the sole discretion of the Court. The United States does not make any promise or representation as to what sentence Defendant will receive. The United States reserves the right to inform the United States Probation Office and the Court of the nature and extent of Defendant's activities with respect to this case and all other activities of Defendant that the United States deems relevant to sentencing.

## Signatures

23. By signing this Plea Agreement, Defendant acknowledges that Defendant has discussed the terms of the Plea Agreement with Defendant's attorney and understands and accepts those terms. Further, Defendant acknowledges that this Plea Agreement, in conjunction with the Plea Supplement filed contemporaneously under seal, contains the only terms of the agreement concerning Defendant's plea of guilty in this case, and that there are no other deals, bargains, agreements, or understandings which modify or alter these terms.

Dated this 27th day of February, 2025.

**APPROVED:**

_____
JACQUELYN M. HUTZELL
Deputy Chief, Criminal Division

ROBERT J. TROESTER
United States Attorney

_____
DREW E. DAVIS
Assistant United States Attorney
Western District of Oklahoma
210 Park Avenue, Ste. 400
Oklahoma City, Oklahoma 73102
(405) 553-8717 (Office)
(405) 553-8888 (FAX)

_____
KEITH TERRELL THOMPSON
Defendant

_____
JOHN A.L. CAMPBELL
Attorney for Defendant

17